UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTOPHER EGEGBARA,

                     Plaintiff,

-against-

JOSEPH PONTE, MONICA WINDLEY, and
OFFICER PALMENTARI,

                     Defendants.
-----------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

17-CV-3634 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Christopher Egegbara, presently incarcerated at Great Meadow Correctional Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, subject to Plaintiff's authorization of automatic deductions from his prison trust fund account pursuant to the Prison Litigation Reform Act ("PLRA"). (*See* Dkt. 2 at ECF[1] 3.) For the reasons stated below, Plaintiff's complaint is dismissed as to Defendants Joseph Ponte and Monica Windley, but will proceed against Defendant Officer Palmentari.

## BACKGROUND[2]

On March 18, 2016, while incarcerated at the George R. Vierno Center ("GRVC") at the Rikers Island facility, Plaintiff Christopher Egegbara was locked in a shower area by an employee of the New York City Department of Correction ("NYC DOC"), Officer Palmentari. (Compl. at 2.)

---

[1] "ECF" refers to the pagination generated by the CM/ECF system, and not the document's internal pagination.

[2] The Court draws all relevant allegations, taken as true pursuant to Fed. R. Civ. P. 12, from Plaintiff's Complaint (Dkt. No. 1). *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) ("[W]e accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.").

Officer Palmentari then "turned on hot boiling water", causing Plaintiff to sustain a first-degree burn on his face. (*Id.*) Plaintiff was seen by prison medical staff four days later. (*Id.*)

Plaintiff alleges that Officer Palmentari is responsible for Plaintiff's injuries because Palmentari was the one who "locked [Plaintiff] in the shower and turn[ed] on the hot water that burned [Plaintiff]." (*Id.*) Plaintiff further alleges that Monica Windley, the "Warden" of the GRVC, is also responsible for his injuries because "she runs and supervises" the GRVC. (*Id.*) Finally, Plaintiff alleges that Joseph Ponte, the Commissioner of the NYC DOC, is also responsible because "he over[sees] all of Rikers Island including the [GRVC]." (*Id.*)

Plaintiff asserts that "[t]he injuries [he] sustained [were] in violation of [his] [E]ighth Amendment rights." (Compl. at 3.) Plaintiff requests five million dollars in compensation "to cover medical expenses and permanent disability to [his] face and for the physical, mental pain and suffering that [he] endured as a result of the injuries." (*Id.*)

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). In addition, the Court is required to read a *pro se* complaint liberally and interpret it as raising the strongest

arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the challenged conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To state an Eighth Amendment claim of excessive force against a prison official, a plaintiff must allege conduct that is "sufficiently serious to reach constitutional dimensions." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).  "This inquiry is context specific, turning upon 'contemporary standards of decency.'" *Id.* (quoting *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999)).  Although these "contemporary standards" may defy a precise formulation, the Eighth Amendment is always violated when a prison official applies force "maliciously and sadistically . . . to cause harm," and not in a "good-faith effort to maintain and restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 36-37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, the Complaint alleges that Officer Palmentari locked Plaintiff in a small shower area and then "turned on hot boiling water" causing Plaintiff to sustain a first-degree burn on his face. (Compl. at 2.)  The Complaint does not suggest any reason related to "maintaining or restoring discipline" that prompted or justified Officer Palmentari locking Plaintiff in the shower, let alone burning Plaintiff's face with hot water.  (*See generally id.*)  The only plausible inference, based on

the allegations in the Complaint, is that Officer Palmentari acted "maliciously and sadistically . . . to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). The degree of injury Plaintiff alleges, *i.e.*, first-degree burns, is sufficient to support an Eighth Amendment claim. *See Wilkins*, 559 U.S. at 37-38 (reaffirming that proof of serious injury may be relevant to a claim of cruel and unusual punishment, but a plaintiff need not allege any specific "quantum of injury" to establish such a claim); *accord Hogan*, 738 F.3d at 515-16 (holding that "spraying an inmate with a mixture of feces, vinegar, and machine oil" that burned the plaintiff's eyes was sufficiently excessive force to sustain Eighth Amendment claim). Accordingly, Plaintiff's Eighth Amendment excessive force claim shall proceed as to Officer Palmentari.[3]

The Court must dismiss, however, Plaintiff's claims against Defendant Joseph Ponte, NYC DOC Commissioner, and Monica Windley, GRVC Warden. The Complaint names Ponte and Windley as defendants because they are supervisors of the NYC DOC and GRVC, respectively, but the Complaint does not allege that Ponte or Windley had any direct or indirect involvement in Officer Palmentari's alleged assault on Plaintiff. (*See generally* Compl.) That omission is fatal to Plaintiff's claims against Ponte and Windley, because "to establish a defendant's individual liability [under 42 U.S.C. § 1983], a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *See Grullon v. City of New Haven*, 720

---

[3] The Court notes that Plaintiff alleges a claim under the Eighth Amendment and not the Fourteenth Amendment. However, to the extent Plaintiff was a pre-trial detainee at the time of the excessive force alleged in the complaint, rather than a convicted prisoner, his excessive force claim would be "governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Nonetheless, that distinction does not affect the Court's decision to sustain Plaintiff's excessive force claim against Defendant Officer Palmentari, because "[a] detainee's rights [under the Fourteenth Amendment] are 'at least as great as the Eight Amendment protections available to a convicted prisoner.'" *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

F.3d 133, 138 (2d Cir. 2013); *see also Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) ("A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort."). Accordingly, Plaintiff's claims against Defendants Joseph Ponte and Monica Windley are dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).[4]

## CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants Joseph Ponte and Monica Windley are dismissed pursuant to 28 U.S.C. § 1915A(b). No summons shall issue as to Defendants Ponte and Windley. Plaintiff's claim of excessive force shall proceed against Defendant NYC DOC Officer Palmentari. The Clerk of Court is respectfully directed to serve a copy of the complaint, the summons, and this Order upon Officer Palmentari, who is alleged to be employed at the GRVC. The Clerk of Court is respectfully directed to serve a courtesy copy of the complaint, summons, and this Order on the Corporation Counsel for the City of New York. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal of this Order. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
December 15, 2017

---

[4] Of course, if Plaintiff discovers evidence suggesting that Commissioner Ponte or Warden Windley participated in Officer Palmentari's alleged assault on Plaintiff, or were aware of Palmentari's intention to assault Plaintiff, had the opportunity to prevent it, and failed to do so, then Plaintiff may seek to amend his complaint to add those Defendants back into the case.

5